UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD JACKSON,

        Plaintiff,

                                        Case No. 07-11062

v.

                                        HONORABLE DENISE PAGE HOOD

PETER ABRAMS JR. *et. al.*,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Richard Jackson's Motion to Remand, filed April 4, 2007. Defendants Peter Abrams Jr. and EMCEA Transport filed a Response on April 18, 2007.

**II.    STATEMENT OF FACTS**

On January 18, 2007, Plaintiff filed the instant suit against Defendants Peter Abrams Jr., EMCEA Transport ("EMCEA") and Titan Insurance Company ("Titan") before the Wayne County Circuit Court, State of Michigan. The action arises out of a June 26, 2006 motor vehicle accident, which occurred in the City of Livonia, County of Wayne, State of Michigan. On March 13, 2007, Defendants Abrams and EMCEA filed a Petition for Removal to this Court claiming federal subject matter jurisdiction based on diversity of citizenship. In the Petition for Removal, Defendants Abrams and EMCEA allege that Plaintiff has fraudulently joined Defendant Titan to defeat diversity jurisdiction. Plaintiff is a resident of Michigan; Defendant Abrams is a citizen of Ontario, Canada; Defendant EMCEA is a foreign corporation incorporated and having its principal place of business

1

in Ontario, Canada; and Defendant Titan is a corporation domiciled in Michigan and conducting business in Wayne County, Michigan. The Complaint alleges: (1) Count I: Negligence as to Defendant Abrams; (2) Count II: Negligence as to Defendant EMCEA; (3) Count III: First Party Claim as to Defendant Titan, pursuant to M.C.L. §§ 500.3105, 500.3145.

## III. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction conferred by Article III of the United States Constitution and the Acts of Congress. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). Actions brought before the state court may be removed to the federal court only if the suit could have been originally brought before the federal court. 28 U.S.C. § 1441; *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Federal district courts have original jurisdiction over diversity cases and cases which "arise under" the federal Constitution or laws. 28 U.S.C. §§ 1331, 1332. Section 1331 provides that the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. 28 U.S.C. § 1446 provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant ..." 28 U.S.C. § 1446(b). The existence of subject matter jurisdiction generally is a question of law. *Greater Detroit Resource Recovery Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). The removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). This burden is a difficult one to overcome; removal statutes "are strictly

2

construed," and any ambiguities "must be resolved in favor of the non-removing party." *Id.*

Similarly, the removing party bears the burden of establishing fraudulent joinder. *Alexander v. Electronic Data Sys.*, Inc., 13 F.3d 940, 949 (6th Cir. 1993) (citing *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332 (6th Cir. 1989). "There can be no fraudulent joinder unless it be clear that there can be no recover under the law of the state on the cause alleged or on the facts in view of the law" or whether there is any 'reasonable basis for predicting that [the plaintiff] could prevail.'" *Id.* (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968); *Teddler v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. APPLICABLE LAW & ANALYSIS

### A. Timeliness of the Petition for Removal

Pursuant to 28 U.S.C. § 1446, a notice of removal shall be filed within thirty days of service of the complaint. Plaintiff contends that Defendants Abraham and EMCEA's Petition for Removal was not timely filed, as Defendant EMCEA was served with the Complaint on February 9, 2007 and on March 13, 2007, thirty two days later,[1] Defendants Abrams and EMCEA filed the Petition for Removal. Defendants Abrams and EMCEA respond that the Petition for Removal was timely filed

---

[1] The Court notes that, although a filing date of March 13, 2007 is thirty two days after February 9, 2007, the thirtieth day falls on a Sunday and thus a filing on March 12, 2007, the next business day, would be considered timely.

because Defendant Abrams was not served until he filed the Petition for Removal. Specifically, Defendants Abrams and EMCEA argue that because a later served defendant has thirty days from the date of service to remove the case, and Defendant Abrams was not served until the day he filed the Petition for Removal, removal was timely. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1998). Although Defendants Abrams and EMCEA are correct in asserting that a later served defendant has thirty days from the date of service within which to file a petition for removal, Defendants Abrams and EMCEA provide no support for the assertion that Defendant Abrams was not technically served until the date of filing of the Petition for Removal and accordingly the Petition for Removal is timely.

Defendants Abrams and EMCEA also assert that the relevant date of the filing of the Petition of Removal is the date the filing was received by the Clerk of the Court or other authorized court officer, as opposed to the date it is entered on the docket. Defendants Abrams and EMCEA concede that the Petition for Removal was not entered on the docket until March 13, 2007, at 9:47 a.m., however, contend that filing was effectuated on March 12, 2007. Defendants Abrams and EMCEA assert that they spoke with the Clerk of the Court who indicated that the Petition for Removal would have been received by the Clerk of the Court on March 12, 2007, at the latest. Defendants Abrams and EMCEA support their position with the following assertions: (1) Plaintiff's counsel received the Petition for Removal on March 9, 2007; and (2) the Wayne County Circuit Court received a copy on March 12, 2007. (*See* Ex. 1).

"Filing is complete once the document is delivered to and received by the proper official." *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Company*, 34 F.Supp.2d 1092, 1094-95 (quoting *United States v. Lombardo*, 241 U.S. 73, 76 (1916). In the instant

4

case, to be timely filed, the Petition for Removal must have been filed by March 12, 2007. The Court is persuaded that the actual date of filing of the Petition for Removal, the date of receipt by the Clerk of the Court, was March 12, 2007. The Petition for Removal was timely filed.

### B.     Joinder of Defendant EMCEA Transport

Plaintiff contends that the direct lawsuit naming Titan as a Defendant is specifically authorized by the Michigan No-Fault Act. M.C.L. 500.3101, *et. seq.* Prior to and including June 26, 2006, the date of the subject automobile accident, Defendant Titan issued a policy of no-fault insurance to Plaintiff, Claim Number 21-195360-58. (Compl. ¶ 20). Plaintiff asserts that on September 27, 2006, Defendant Titan refused to pay certain Michigan No-Fault benefits to Plaintiff, which is why Titan is joined in the instant suit. Plaintiff also argues that MCR 2.206(A)(2)(a), (b), addressing permissive joinder, permits Plaintiff to include his first party insurance carrier as a defendant.

Defendants Abrams and EMCEA contend that Defendant Titan is improperly joined. Defendants Abrams and EMCEA first argue that joinder is improper because Plaintiff cannot receive a joint judgment against all three Defendants. Defendants Abrams and EMCEA also argue that joinder is improper under M.C.L. 500.3030, which provides that "[i]n the original action brought by the injured person . . . the insurer shall not be made or joined as a party defendant."

In *Matti Awdish, Inc., v. Williams*, 323 N.W. 2d 666 (1982), the Michigan Court of Appeals addressed the issue of whether it was proper for the trial court to deny plaintiffs' motion to amend their complaint by adding defendant's insurer as a party defendant. The court held, "M.C.L. § 500.3030; M.S.A. § 24.13030, which prohibits any mention of an insurer, is inapplicable to actions seeking economic losses brought under the no-fault act" and reversed the trial court's order denying

plaintiffs' motion to amend their complaint. 323 N.W. 2d at 669. *Matti Awadish* is distinguishable from the instant case in that in the instant case the disputed party is the insurer of the Plaintiff, rather than the Defendant. Nonetheless, the prohibition in M.C.L. § 500.3030 has expressly been abrogated in relation to proceedings under the No-Fault Act.

Pursuant to MCR 2.206(A)(2)(a), (b), addressing permissive joinder, Defendant Titan may properly be joined as a defendant. Defendants Abrams and EMCEA fail to adequately develop, or present case law in support of, their argument relating to the availability of a joint judgment. Pursuant to MCR 2.206(A)(2)(a), all persons may be joined in one action as defendants if a right to relief is asserted against them jointly or severally or a right to relief arises out of the same transaction or occurrence and a question of law or fact common to all defendants will arise in the action. The rule on permissive joinder belies Defendant Abrams and EMCEA's assertion that a joint judgment is required and demonstrates that joinder is proper.

Defendants Abrams and EMCEA have not met their burden of establishing fraudulent joinder of Defendant Titan. Given that Defendant Titan is a proper defendant, complete diversity is not met in the instant case and the case shall be remanded to the Wayne County Circuit Court.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand **[Docket No. 4, filed April 4, 2007]** is GRANTED.

IT IS ORDERED that the issues raised in State Circuit Court Case No. 07-701656-NI are REMANDED back to the Wayne County, Michigan, Circuit Court.

IT IS FURTHER ORDERED that the Clerk's office effectuate the remand.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: August 29, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager
